

# The Attorney General of Texas

July 31, 1979

MARK WHITE
Attorney General

Supreme Court Building
P. Box 12548
Austin, TX. 78711
475-2501

Commerce, Suite 200
Dallas, TX. 75202
742-8944

1 Alberta Ave., Suite 160
El Paso, TX. 79905
533-3484

Main, Suite 610
Houston, TX. 77002
228-0701

Broadway, Suite 312
Lubbock, TX. 79401
747-5238

3 N. Tenth, Suite F
McAllen, TX. 78501
682-4547

Main Plaza, Suite 400
San Antonio, TX. 78205
225-4191

Equal Opportunity/
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. MW-36

Re: Authority of the Harris County Department of Education to expend tax funds to buy and mail Christmas cards.

Dear Mr. Resweber:

You have requested our opinion regarding the authority of Harris County Department of Education to expend tax funds to buy and mail Christmas cards. Article 3, section 52(a) of the Texas Constitution provides:

> Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company.

This office has frequently said that, in the absence of an adequate quid pro quo, a public body has no authority to contribute public funds to or on behalf of an individual or organization. See Attorney General Opinions H-1189 (1978) (unconditional donation by county of federal revenue sharing funds to a private day care center constitutes an improper grant of public funds); H-520 (1975) (county may not contribute public funds to the construction of a privately owned and operated livestock show barn); H-397 (1974) (county may not become a dues paying member of a chamber of commerce); H-70 (1973) (school district may not purchase personal liability insurance for school trustees); M-661 (1970) (county has no authority to make a grant of public funds to a religious charitable institution); O-7197 (1946), O-5563 (1943), O-1001 (1939) (county may not contribute funds to a private charitable institution).

In the present instance, it is not asserted that the county receives any benefit from the activity you have described. It is therefore our opinion

that article 3, section 52(a) of the Texas Constitution prohibits a county from expending public funds for the purchase and mailing of Christmas cards. See also Tex. Const. art. 8, § 3.

## SUMMARY

Article 3, section 52(a) and article 8, section 3 of the Texas Constitution prohibits a county from expending public funds for the purchase and mailing of Christmas cards.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Walter Davis
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood